IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MACK WELLS                                                                            PETITIONER

VS.                                              CIVIL ACTION NO. 3:11cv392-DPJ-FKB

RONALD KING                                                      RESPONDENT

## **REPORT AND RECOMMENDATION**

This cause is before the Court on the petition for writ of habeas corpus filed by Mack Wells, a state prisoner, and Respondent's motion to dismiss the petition as untimely. Having considered the motion and Wells's response, the undersigned recommends that the motion be granted and that the petition be dismissed with prejudice.

Petitioner was convicted in the Circuit Court of Scott County, Mississippi, of the crime of capital murder. By order dated September 28, 1995, he was sentenced to death by lethal injection. His conviction and sentence were affirmed on direct appeal, and the United States Supreme Court denied his petition for a writ of certiorari. On September 3, 1998, he filed an application for post-conviction relief (PCR) in the Mississippi Supreme Court. His PCR proceedings were stayed pending a decision by the United States Supreme Court in *Atkins v. Virginia*, 536 U.S. 304 (2002). After the *Atkins* decision, the Mississippi Supreme Court remanded Petitioner's case to the state trial court for a determination as to his mental capacity. The state court determined that Wells met the *Atkins* standard for mental retardation, and by order dated June 23, 2004, the court vacated his death sentence and resentenced him to a term of life imprisonment without parole. Thereafter, on June 9, 2005, the state supreme court held that the remaining

issues set forth in Wells's PCR application were without merit and denied the application.

Wells filed his present § 2254 petition on June 28, 2011.[1]  In his petition and other filings, he argues that his sentence of life without parole is unconstitutional because he was never afforded a competency hearing and because he was denied effective assistance of counsel.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-

---

[1] Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court.  *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999).  Thus, Wells's petition was "filed" on the date it was signed and delivered for mailing, June 28, 2011.

2

> conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's sentencing order became final on July 23, 2004, the date on which his thirty-day period for seeking direct review expired. Petitioner had one year from that date, or until July 23, 2005, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed PCR application was pending in the state court. Because Wells's 1998 PCR application remained pending at the time of his resentencing, he is entitled to statutory tolling until June 9, 2005, the day his PCR application was denied. Thus, his one-year began to run on June 9, 2005, and his statutory period for filing for habeas relief expired one year later, on June 9, 2006. Because Wells failed to meet this deadline, his petition is untimely.

In response to the motion, Wells argues that the limitations period should not apply in his case because he is mentally ill, mentally retarded, and unable to read or write.[2] Neither the Supreme Court nor the Fifth Circuit has ever applied the doctrine of equitable tolling based upon a showing of mental incompetence in a habeas case. At most, these courts have acknowledged that mental incompetency *might* provide a basis for tolling. In *Lawrence v. Florida,* 549 U.S. 327 (2007), the Court rejected the petitioner's attempt to invoke equitable tolling based upon a mental impairment, stating that "[e]ven assuming this argument could be legally credited, Lawrence has made no factual showing of mental incapacity." *Id.* at 337. And while the Fifth Circuit in *Fisher v. Johnson*, 174 F.3d 710, 715

---

[2]The petition and other filings by Wells in this action have been prepared by a fellow inmate.

3

(5th Cir. 1999), acknowledged the possibility that mental incompetence *might* support a claim of equitable tolling in a habeas case, it has never so held. Since *Fisher*, the Fifth Circuit has reiterated that equitable tolling applies principally where a habeas petitioner has been actively misled by the state about his cause of action or has been prevented in some extraordinary way from filing for relief. *See Fierro v.* Cockrell, 294 F.3d 674, 682 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Wells has made no showing that he was actively misled or prevented in some extraordinary way from filing his habeas petition prior to the one-year deadline. Furthermore, he has come forward with no affidavits or other evidence to support his allegations of incapacity.[3] *See Smith v. Johnson*, 2001 WL 43520 (5th Cir. Jan 3, 2001) (declining to apply equitable tolling where petitioner failed to verify the documents in which he claimed incompetence or to submit an affidavit). The fact that a Mississippi court has found him ineligible of the death penalty under *Atkins* does not, without more, establish that he was incapable of filing habeas relief in a timely manner.[4]

For these reasons, the undersigned recommends that the motion to dismiss be

---

[3] Petitioner's response to the motion to dismiss was signed under oath. However, this document consists primarily of legal arguments. At most, it contains only general allegations of mental incompetency; it does not set forth specific facts upon which a finding of incompetency could reasonably be based.

[4] In Mississippi, in order for a defendant to meet the requirements of *Atkins*, a court must find mental retardation by a preponderance of the evidence. *Chase v. State*, 873 So. 2d 1013, 1029 (Miss. 2004). A prerequisite for such a finding is expert testimony that the defendant is mentally retarded, as that term is defined by the American Association on Mental Retardation (AAMR) and/or the American Psychiatric Association, and that the defendant's score on the Minnesota Multiphasic Personality Inventory-II (MMPI-II) and/or other similar tests indicates that he is not malingering. *Id.* In addition to expert testimony, the court is to consider any other evidence of limitations in adaptive skills. *Id.*

4

granted. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 1st day of May, 2012.

/s/ F. Keith Ball<br>
UNITED STATES MAGISTRATE JUDGE